Cheshire
No. 80-105

THE STATE OF NEW HAMPSHIRE

v.

TERRENCE P. QUALTERS & a.

June 12, 1981

*Gregory H. Smith,* acting attorney general (*Martin R. Jenkins,* assistant attorney general, on the brief and orally), for the State.

*Faulkner, Plaut, Hanna, Zimmerman & Freund,* of Keene (*Thomas R. Hanna* and *George R. Freund, Jr.,* on the brief and *Mr. Hanna* orally), for the defendants.

KING, J.   The defendants appeal their convictions for violation of RSA 249:51 on the grounds that the State failed to establish beyond a reasonable doubt that the defendants did not fall within the exceptions contained in RSA 249:51 IV and V and that RSA 249:51 is unconstitutionally vague. For the reasons herein stated, we affirm the defendants' convictions.

In seven separate complaints, the three defendants were charged with operating vehicles carrying earth, sand and gravel upon the State highways without covering the load with a close-fitting tarpaulin as required by RSA 249:51 II. At the close of the State's case-in-chief, the defendants moved to dismiss the complaints on the ground that the State had failed to prove that none of the exceptions to RSA 249:51 II applied to the defendants. The Superior Court (*Dunfey,* C.J.) denied this motion, and the defendants presented their case. The defendants moved for directed verdicts at the close of the evidence on the same ground. The court also denied this motion. The court later found defendant Qualters guilty on five counts, and found Edward Benware and Ronald A. Plummer, both employees of Qualters, each guilty on one count. The defendants then filed this appeal.

█ The first issue we address is the allocation of the burden of proof on the issue of the applicability of the statutory exceptions contained in RSA 249:51. The defendants allege that the non-applicability of the exceptions is part of the State's case-in-chief. The State contends that the burden is on the defendants to raise the exceptions in the first instance and that the State then has the burden of defeating these claims. We hold that the defendants' position is correct.

█ RSA 625:10 states that "[n]o person may be convicted of an offense unless each element of such offense is proved beyond a reasonable doubt. In the absence of such proof, the innocence of the defendant is assumed." An "element of the offense" is "such conduct, or such attendant circumstances, or such a result of conduct

as . . . negatives an excuse or justification for such conduct. . . ." RSA 625:11 III(c). RSA 249:51 II makes it a violation to carry a load of sand, gravel or other particulate substance on public highways without a close-fitting tarpaulin covering the load. RSA 249:51 IV and V make the provisions of RSA 249:51 II inapplicable to certain persons and classes of vehicles. Thus persons and vehicles falling within these exceptions, and carrying uncovered loads of particulate substances on the public highways, are "excused" from what would otherwise be criminal conduct. The non-applicability of these exemptions are therefore elements of the offense, RSA 625:11 III(c), and the burden of proof is on the State. RSA 625:10.

■ The State concedes that it bears the ultimate burden of persuasion on the non-applicability of these statutory exemptions but asserts that the defendants bear the burden of producing evidence of their applicability in the first instance. This position overlooks the significance of the fact that the legislature has made the non-applicability of these exemptions elements of the offense. As elements of the offense, the non-applicability of the exceptions must be established during the State's case-in-chief in order for the State's case to survive a motion for acquittal. We must therefore determine whether the State introduced sufficient evidence that the exceptions did not apply to the defendants.

■■ In reviewing the sufficiency of the evidence, we must consider it and all reasonable inferences therefrom in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *State v. Scarlett*, 121 N.H. 37, 40, 426 A.2d 25, 27 (1981); *State v. Linsky*, 117 N.H. 866, 872, 379 A.2d 813, 818 (1977). Furthermore, because the defendants chose not to stand on the denial of their motion for directed acquittal but offered evidence of their own, we must consider all the evidence and not solely that evidence which the State presented during its case-in-chief. *See State v. LeNoir*, 97 N.H. 462, 463, 92 A. 159, 159 (1952); *State v. Newman*, 74 N.H. 10, 15, 64 A. 761, 764 (1906). Finally, because the defendants concede that they do not come under two of the four statutory exceptions contained in RSA 249:51, we need only consider the evidence regarding the remaining two exceptions.

■ RSA 249:51 V(b) states that "[t]he provisions of paragraph II shall not apply to . . . [t]he operation of municipal and state highway maintenance equipment." The plain language of this section exempts municipal and State-owned highway maintenance vehicles from the requirement to cover their loads. There is

nothing in the language to indicate that private vehicles providing services to a municipality or the State are exempt. Two witnesses testified that the vehicles were not registered to the State or any municipality. Several witnesses also testified that the defendants were not engaged in highway maintenance. This evidence, together with the reasonable inferences therefrom, is sufficient to rule out the applicability of RSA 249:51 V(b).

RSA 249:51 IV exempts "a local farmer transporting his own farm products or materials incidental to his farming operations where such transporting requires incidental use of a public highway . . ." from the duty to cover a load. The State introduced evidence that defendant Qualters advertised himself as a contractor and that his vehicles displayed signs indicating that they were involved in construction. The State also established that the loads of sand, earth, and gravel were taken from a local landfill pursuant to a municipal contract calling for defendant Qualters to remove specified amounts of fill and that the defendants transported the material some distance so that third parties could use it in a private construction project. From this evidence, the court could find that the defendants were not engaged in activities falling within the farming exception.

The defendants also argue that assuming *arguendo* that the State satisfied its initial burden, the evidence at trial, taken as a whole, did not satisfy the State's ultimate burden of proof. We disagree. Although the defendants introduced evidence that they were involved in a municipal project and that defendant Qualters had an associate's degree in agriculture, this evidence did not compel a finding that the defendants' activities were exempt. The evidence taken as a whole satisfied the State's burden of proof.

Finally, the defendants argue that RSA 249:51 is unconstitutionally vague because the scope of the exceptions is not clear. Because RSA 249:51 is not a law threatening fundamental rights, the statute's alleged vagueness must be considered in light of the defendants' conduct rather than on its face. *State v. Taylor*, 121 N.H. 489, 493, 431 A.2d 775, 777 (1981); *State v. Hewitt*, 116 N.H. 711, 713, 366 A.2d 487, 489 (1976). We fail to see how the defendants' use of privately owned vehicles to transport material to a private construction site could conceivably fall within the municipal and State highway maintenance equipment exception. RSA 249:51 V(b).

With respect to the farming exception, the defendants assert that RSA 249:51 IV is vague because the statute is unclear

as to what constitutes farming. Specifically, the defendants assert that RSA 259:1 II-a and RSA 21:34-a seem to include "the removal of sand, gravel, clay, soil or earth" within the definitions of "farming and agriculture," but that the trial court rejected the defendants' claim that their activities satisfied the exception for farming. We note that both these statutes have been amended, but because the defendants' acts occurred prior to the effective date of the amendments, we will apply the old versions of these statutes. The defendants have taken this language out of context. In both RSA 259:1 II-a and RSA 21:34-a, the removal of specified materials constitutes "farming" only if they are part of the "practices on the farm as an incident to or in conjunction with such farming operations. . . ." The State's evidence, as well as that of the defendants, indicated that the activities of the defendants were in the nature of the commercial sale of fill. The record is clear that their conduct was unrelated to any farming operations they may otherwise have conducted.

Accordingly, we hold that the State met its burden of proof on the *non-applicability* of the statutory exceptions and that RSA 249:51 IV and :51 V(b) are not unconstitutionally vague as applied to the defendants.

*Affirmed.*

All concurred.