Merrimack
No. 83-124

THE STATE OF NEW HAMPSHIRE

v.

HAROLD J. KING, JR.

April 6, 1984

*Gregory H. Smith,* attorney general (*Andrew L. Isaac,* assistant attorney general, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

PER CURIAM. The defendant was convicted of possession of a hypodermic syringe in violation of RSA 318:52-e (Supp. 1981). The defendant appeals from the ruling of the Trial Court (*Cann,* J.) denying his motion to dismiss on the ground that he, and not the State, bears the burden of proof with respect to the statutory exceptions to the prohibitions of RSA 318:52-e (Supp. 1981). We reverse.

On March 7, 1982, the police entered the defendant's home in response to information that the house was being burglarized. While searching the defendant's bedroom, the police found a syringe possession of which would violate RSA 318:52-e (Supp. 1981) *unless* one of sixteen exceptions permitting possession applied. The exceptions apply to certain authorized professionals, such as physicians or pharmacists, as well as to dealers in embalming supplies and persons who have "received a written prescription." The police found no evidence of the defendant's employment or any prescriptions in their search of the defendant's bedroom.

■ This court in *State v. Qualters*, 121 N.H. 484, 431 A.2d 780 (1981), construed RSA 249:51, which, like RSA 318:52-e (Supp. 1981), contained several exceptions to the proscribed offense, and concluded that the State must bear the burden of proving the non-applicability of the statutory exceptions in its case-in-chief. *Id.* at 486, 431 A.2d at 781. The analysis used by the Court in reaching its decision in that case is also applicable here. We reasoned there that the non-applicability of the statutory exceptions is an element of the proscribed offense. *Id.* at 487, 431 A.2d at 781.

RSA 625:10 states: "No person may be convicted of an offense unless each element of such offense is proved beyond a reasonable doubt. In the absence of such proof, the innocence of the defendant is assumed." RSA 625:11, III, provides that an "'[e]lement of an offense' means such conduct, or such attendant circumstances, or such a result of conduct as . . . negatives an excuse or justification for such conduct. . . ." *See State v. Qualters, supra* at 487, 431 A.2d at 781.

■ While under RSA 318:55 (Supp. 1981), a violation of RSA 318:52-e (Supp. 1981) is a misdemeanor, the statute's prohibition on the control or possession of hypodermic instruments is specifically made inapplicable to certain designated individuals. Those persons falling within any of the enumerated exceptions and possessing these instruments are "excused" from what would otherwise be criminal conduct. Therefore, as this court concluded in *Qualters*, the non-applicability of these exceptions is an element of the offense, pursuant to RSA 625:11, III(c), which must be proved by the State. *State v. Qualters, supra* at 487, 431 A.2d at 781.

■ Unlike *Qualters*, where the State produced sufficient evidence to negate the two exceptions within the statute, *Qualters*, 121 N.H. at 489, 431 A.2d at 783, the evidence presented by the State here did not establish the non-applicability of these statutory exceptions. Officer McDonnell, one of the police officers who searched the

defendant's house, testified that his search failed to disclose either the nature of Mr. King's employment, or the presence of any prescriptions. Since this lack of evidence is not sufficient to negate affirmatively any of the enumerated exceptions contained in the statute, the defendant's motion to dismiss should have been granted.

*Reversed.*