Sullivan
No. 83-348

### THE STATE OF NEW HAMPSHIRE

v.

### LARI BELL

August 13, 1984

426

*Gregory H. Smith*, attorney general (*Gregory W. Swope*, assistant attorney general, on the brief and orally), for the State.

*Kennedy & Brann*, of Keene (*Lawrence G. Brann* on the brief and orally), for the defendant.

DOUGLAS, J. The defendant appeals from his conviction by a jury in Superior Court (*DiClerico*, J.) on a charge of selling a controlled drug. RSA 318-B:2 (Supp. 1981). On appeal, the defendant claims numerous errors by the trial court. We are presented with the central question of whether, under RSA 318-B:2 (Supp. 1981), the identity of the person to whom an illegal sale is alleged to have been made is an element of the offense which must be alleged and proved. We find no errors and affirm the conviction.

The defendant was indicted in September, 1982, for selling, on April 1, 1982, "to Trooper James B. Nims a quantity of a certain controlled drug, to wit, a cannabis-type commonly known as Hashish, for the sum of Forty-three Dollars," in violation of RSA 318-B:2 (Supp. 1981). At the first trial, the defendant presented evidence that he sold the hashish to an informant who was accompanying Trooper Nims. The trial judge instructed the jury, *inter alia*, that in order for the defendant to be found guilty under the indictment, the jury must find beyond a reasonable doubt that the defendant sold the substance to Trooper Nims. This first trial resulted in a hung jury, and a mistrial was declared.

Prior to the commencement of the retrial, the State filed a trial memorandum in which it took the position that the identity of the person to whom the hashish was sold was not a material element of the offense. After oral argument on the motion, the trial court ruled "that in the event that there is evidence which indicates that the sale may have been to the informant rather than Mr. Nims at the time and place in question," the State would be entitled to a jury instruction that the evidence would be sufficient to prove the indictment.

During the trial, the defendant made a related motion that cross-examination of the defendant and his witnesses be limited to whether the defendant sold the drug to Trooper Nims. The trial court denied this motion, stating that if the defendant testified that he did not sell to Trooper Nims, then the State would be allowed to pursue a line of questioning on whether a sale took place at the specified time and place, while the defendant was present. Because of the trial court's rulings, the defendant chose not to testify at the retrial. The defendant made an offer of proof that the theory of the defense would have been that the alleged sale was made to a person other than Trooper Nims.

At the close of the State's case, the defendant moved to dismiss on the ground that the State failed to allege and prove that the defendant was not authorized, under one of the statutory exemptions or exceptions, to make the sale in question. This motion was denied. The jury was instructed that the two material elements of the offense alleged which the State must prove beyond a reasonable doubt, were: (1) that Mr. Bell sold a controlled drug at the time and place in question to Trooper Nims; and, (2) that he did so knowingly. The jury found the defendant guilty under the indictment, and this appeal ensued.

RSA 318-B:2, I (Supp. 1981) makes it "unlawful for any person to . . . sell . . . any controlled drug . . . except as authorized in this chapter." Whether the identity of the purchaser of illicit drugs is an element of the offense which must be alleged and proved to support a conviction has been addressed by numerous federal and State courts. The federal courts have repeatedly held that the identity of the purchaser is not an element which must be alleged and proved to support a conviction under the federal drug statutes. *See United States v. Cosby*, 529 F.2d 143, 146 (8th Cir.), *cert. denied*, 426 U.S. 935 (1976); *Hemphill v. United States*, 392 F.2d 45, 47 (8th Cir.), *cert. denied*, 393 U.S. 877 (1968); *Flores v. United States*, 338 F.2d 966, 967 (10th Cir. 1964); *Rivera v. United States*, 318 F.2d 606, 607 (9th Cir. 1963). Many State courts have reached the same conclusion under their respective drug acts. *See State v. LeMatty*, 121 Ariz. 333, 336, 590 P.2d 449, 452 (1979); *Mora v. People*, 172 Colo. 261, 264, 472 P.2d 142, 144 (1970); *People v. Adams*, 46 Ill. 2d 200, 203, 263 N.E.2d 490, 491 (1970), *aff'd*, 405 U.S. 278 (1972); *Carter v. State*, 521 P.2d 85 (Okla. Crim. 1974). Only one jurisdiction has held the identity of the purchaser of illicit drugs to be an element of the offense. *State v. Ingram*, 20 N.C. App. 464, 466, 201 S.E.2d 532, 534 (1974).

We find unpersuasive the defendant's argument that an illegal sale under RSA 318-B:2 (Supp. 1981) is analogous to an assault offense under RSA 631:1 (Supp. 1983). The defendant asserts that the identity of the drug purchaser, like the identity of the assault victim, is an element which must be alleged and proved. This court has not yet faced the issue of whether the identity of an assault victim is a material element of an assault charge. We note only that some jurisdictions permit amendments involving a victim's identity, while some do not. *See generally* Annot., 14 A.L.R. 3d 1358 (1967). Furthermore, in contrast to an assault victim, the drug purchaser is a willing participant in the crime. RSA 631:1 (Supp. 1983) seeks to protect the unwilling victim of an assault. The harm sought to be prevented by RSA 318-B:2 (Supp. 1981) is less directly related to

any "injury" to the willing drug purchaser, and more directly related to the sale itself and its detrimental societal effects.

█ RSA 318-B:2 (Supp. 1981) does not mention the purchaser. The gravamen of the offense is the sale itself. The identity of the purchaser merely serves to describe the offense charged and forms no part of its substance. *See State v. LeMatty supra; People v. Adams supra; Mora v. People supra.* The identity of the purchaser, like the identity of the person from whom stolen goods are received in violation of RSA 637:7, is not a material element of the offense. *See State v. Fennelly*, 123 N.H. 378, 388, 461 A.2d 1090, 1095 (1983).

██ The defendant argues that the trial court's ruling, allowing for a variance in the identity of the purchaser to prove the indictment, was error because the ruling constructively amended the indictment by altering its substance. An element of an offense is considered part of the substance of an indictment, and alteration of the substance of an indictment cannot take place absent direction from the grand jury. *See State v. Fennelly, supra* at 387, 461 A.2d at 1094; *see also* R. McNamara, 1 New Hampshire Practice: Criminal Practice and Procedure § 474 (1980). However, because we hold that the identity of the purchaser of illicit drugs under RSA 318-B:2 (Supp. 1981) is not an element of the offense, the trial court's ruling on the variance did not alter the substance of the indictment and was, therefore, permissible. *See State v. Fennelly, supra* at 388, 461 A.2d at 1095.

The defendant also argues that the indictment, as constructively amended by the trial court, did not sufficiently inform him of the charge against him. The sufficiency of the indictment was not, however, an issue raised below and was thus not preserved as an issue for appeal. *State v. Carroll*, 120 N.H. 458, 460–61, 417 A.2d 8, 10 (1980); *see State v. Marcotte*, 123 N.H. 245, 247, 459 A.2d 278, 279 (1983).

█ The defendant further argues that, even if the identity of the purchaser is not a material element of the offense, the trial court ruling permitting a variance in the identity of the purchaser to prove the indictment, unduly prejudiced the defendant in the preparation and presentation of his defense. Our concern, first, is whether the indictment, as constructively amended by the trial court, adequately informed the defendant so that he could prepare his defense without surprise and, second, whether he is protected against a second prosecution for the same offense. *See State v. Fennelly, supra* at 388, 461 A.2d at 1095; *State v. Spade*, 118 N.H. 186, 189–90, 385 A.2d 115, 117 (1978); *see also Berger v. United States*, 295 U.S. 78, 82 (1935); *United States v. Cosby*, 529 F.2d at 146–47.

First, we must consider whether the defendant was prejudiced in his ability to understand the charge against him and in his ability to prepare his defense. *State v. Fennelly supra; State v. Spade supra.* The United States Court of Appeals for the Second Circuit, in the analogous case of *United States v. Knuckles,* 581 F.2d 305 (2d Cir.), *cert. denied,* 439 U.S. 986 (1978), held that a variance between the exact nature of the drug alleged to have been sold, and the drug actually sold, did not prejudice the defendant in his defense. The court stated:

> "[T]he only variance alleged by the appellants is the exact nature of the drug involved, heroin or cocaine; the time, place, people and object proved at trial are in all respects those alleged in Count Two of the indictment. Whether the substance was cocaine or heroin makes no difference under 21 U.S.C. § 841, the statute cited in Count Two of the indictment. Such a variance, affecting neither the Government's case nor the sentence imposed, cannot have prejudiced the ability of the defendants to make their defense to the charge . . . ."

*Id.* at 311 (emphasis and footnote omitted).

In the instant case, the defendant knew he was defending the charge of an unlawful sale of a specified drug at the time and place in question. The ruling permitting a variance did not affect, or change in any way, the State's case. The State presented evidence of a sale to Trooper Nims, the purchaser named in the indictment. *See United States v. Garguilo,* 554 F.2d 59, 63 (2d Cir. 1977) (quoting *United States v. Silverman,* 430 F.2d 106, 110 (2d Cir.), *modified on other grounds,* 439 F.2d 1198 (1970), *cert. denied,* 402 U.S. 953 (1971), in turn quoting *Russell v. United States,* 369 U.S. 749, 793 (1962) (Harlan, J., dissenting)) ("A material variance occurs only if 'the prosecutor has attempted to rely at the trial upon theories and evidence that were not "fairly embraced in the charges made in the indictment."'").

Moreover, the defendant never claimed he did not make the sale at the time and place in question. Rather, his defense would have been, if not for the trial court's ruling on the variance, that he made the sale to the informant, not to Trooper Nims. Since we have held that it makes no difference whether the purchaser was Trooper Nims or the informant, the only surprise to the defendant was the trial court's application of the proper law, that the identity of the purchaser is not an element under RSA 318-B:2 (Supp. 1981). Accordingly, if any prejudice arose from these facts it was not undue prejudice. *See State v. Spade supra.*

■ We next consider whether the defendant is protected against a second prosecution for the same offense. As a result of the trial court's ruling that it would instruct the jury that a variance in the identity of the purchaser was not material to the charge, the defendant offered no testimony that the sale had been made to the informant, rather than to Trooper Nims. The defendant claims that he is, therefore, not protected from later being placed in jeopardy for the purported sale to the informant. We disagree.

The defendant can rely on the entire record in the event that future proceedings are taken against him for the same offense. *State v. Fennelly*, 123 N.H. at 388–89, 461 A.2d at 1095; *see Russell v. United States, supra* at 764. The record leaves no doubt that the defendant has been once in jeopardy for the sale of the drug to Trooper Nims or to the informant at the time set forth in the indictment. *See United States v. Knuckles*, 581 F.2d at 311–12. The indictment, coupled with the record, including the proposed jury instruction which would have permitted an immaterial variance in the purchaser's identity, effectively bars reprosecution for the drug sale at the time and place set forth in the indictment.

■■ The defendant appeals the denial of his motion in limine to limit cross-examination of the defendant and his witnesses to issues relative to a sale to Trooper Nims. "[T]he trial judge has broad discretion in determining the scope of cross-examination and, absent abuse, we will not overrule him." *State v. Sands*, 123 N.H. 570, 612, 467 A.2d 202, 229 (1983). There is no basis upon which we can find that the trial court abused its discretion in refusing to limit cross-examination to an alleged sale to Trooper Nims only. This conclusion is compelled by our holdings that the identity of the purchaser of drugs under RSA 318-B:2 (Supp. 1981) is not a material element of the offense and that the trial court's ruling on the variance did not unduly prejudice the defendant. The denial of the defendant's motion in limine was consistent with the trial court's ruling on the variance, in which we find no error.

Finally, the defendant argues that it was reversible error for the trial court to deny the defendant's motion to dismiss for failure of the State to prove that the defendant was without authorization to sell the hashish. The Criminal Code, RSA 625:10, :11, requires that the non-applicability of exemptions to an offense be established during the State's case-in-chief in order for the State's case to survive a motion for acquittal. *State v. Qualters*, 121 N.H. 484, 487, 431 A.2d 780, 781 (1981); *see State v. King*, 124 N.H. 643, 474 A.2d 575 (1984). The Controlled Drug Act, RSA chapter 318-B (Supp. 1981), contains certain exemptions from and exceptions to the applicability of its

provisions. *E.g.*, RSA 318-B:2-a, :9 (Supp. 1981). The defendant argues that the State's failure to prove the non-applicability of these exemptions and exceptions is a fatal defect.

■ Of central importance to this issue, however, is RSA 318-B:22 (Supp. 1981), which provides that statutory exemptions to an offense under RSA chapter 318-B (Supp. 1981) need not be negated and that the burden of proof of any such exemption is on the defendant. We accept the State's argument that RSA 625:7, which generally makes the Criminal Code applicable to offenses defined outside the Code, does not displace the specific provision of RSA 318-B:22 (Supp. 1981).

■■ It is a well-recognized rule of statutory construction that where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the latter will be regarded as an exception to the general enactment where the two conflict. 2A SUTHERLAND STATUTORY CONSTRUCTION § 51.05, at 315 (4th ed. 1973); *see In re Robert C.*, 120 N.H. 221, 225, 412 A.2d 1037, 1039 (1980); *see also People v. Breyer*, 139 Cal. App. 547, 550, 34 P.2d 1065, 1066 (1934). RSA 318-B:22 (Supp. 1981) relates specifically to the burden of proving the non-applicability of exemptions to offenses under RSA chapter 318-B (Supp. 1981). The Criminal Code deals with the same subject as applied to criminal offenses generally. Unless the legislature repeals RSA 318-B:22 (Supp. 1981), the clear and specific intent of that provision cannot be displaced by the more general rule found within the Criminal Code. *Cf. Attorney-General v. Duncan*, 76 N.H. 11, 15, 78 A. 925, 927 (1911).

*Affirmed.*

All concurred.