Strafford
No. 85-293

THE STATE OF NEW HAMPSHIRE

v.

DAVID STEER

October 2, 1986

*Stephen E. Merrill*, attorney general (*Tina Schneider*, assistant attorney general, on the brief and orally), for the State.

*Craig F. Evans*, of Durham, by brief and orally, for the defendant.

BATCHELDER, J.   The defendant appeals his conviction in Superior Court (*Nadeau*, J.) on three child pornography charges, RSA 649-A:3, I(a) & (b) (Supp. 1983), four felonious sexual assault charges, RSA 632-A:3 (Supp. 1983) (amended by Laws 1985, 228:4), and four charges of causing prostitution, RSA 645:2, I(b) (1974 & Supp. 1983) (amended by Laws 1985, 228:6). We affirm.

The sordid facts of this case do not require a detailed recitation. During the months of April through August, 1984, the defendant, who owned a hair salon in Rochester, orchestrated a prostitution ring in the Seacoast area involving four runaway juvenile girls. He also participated in and promoted child pornography in which the girls appeared. Several other men who were acquaintances of the defendant patronized the girls, and a couple of men appeared in the pornography. When rumors of these activities reached the Rochester Police Department, it conducted an investigation which included questioning the girls and the defendant. The police, pursuant to a search warrant, searched the residence of Donald Mackay, where

the girls had stayed for one week in April 1984 after they first ran away. The police seized an envelope containing photographs that graphically depict the sexual exploitation involved in this case. The defendant took some of the photographs, and some show him engaged in sexual acts with the girls. The police investigation led to the defendant's arrest.

The defendant filed pre-trial motions to suppress evidence seized during the search of Mackay's residence, and for a bill of particulars in regard to the felonious sexual assault indictment No. 84-S-705-F, which states that the offense occurred in April 1984 and that the victim's birthday was April 23, 1968. These motions were denied.

The defendant was tried in April, 1985. The four girls testified that the defendant thought up the prostitution scheme, encouraged the girls to prostitute themselves, arranged the sexual encounters, and told the girls to make their patrons feel good. The two men testified that they paid the girls in exchange for sex, and that the defendant arranged the illicit encounters. The defendant was convicted on all eleven charges.

On appeal, the defendant raises eleven issues, six of which merit only brief comment. In three arguments he challenges the sufficiency of the evidence. The court's long-standing standard of review in reference to such claims is whether any "rational trier of fact, while viewing the evidence in the light most favorable to the State, could have found the defendant guilty beyond a reasonable doubt." *State v. Stauff*, 126 N.H. 186, 189, 489 A.2d 140, 142 (1985). The record before us includes the inculpatory testimony of the four girls and two of the men who participated in the prostitution and pornography, as well as the incriminating photographs. This evidence bore directly on the defendant's allegations of insufficiency, and clearly sufficed to enable the jury to find beyond a reasonable doubt that the defendant committed the illegal acts. Additionally, the defendant claims that the trial court abused its discretion in denying his motions to sever indictments, to change venue, and to exclude evidence. We have reviewed the record and find no abuse of discretion. Absent an abuse of discretion, we will uphold the trial court's rulings on these matters. *See State v. Whitney*, 125 N.H. 636, 639, 484 A.2d 1158, 1160 (1984); *State v. Sullivan*, 121 N.H. 301, 303–04, 428 A.2d 1247, 1249 (1981); *State v. Brooks*, 126 N.H. 618, 625, 495 A.2d 1258, 1263 (1985).

Accordingly, we now turn to the defendant's remaining arguments. The defendant first contends that RSA 645:2, I(b) requires proof that the defendant received consideration. This argument, however, is contradicted by the plain language of the stat-

ute. Paragraph (b) of the statute states that a person is guilty of a class B felony if he "induces or otherwise purposely causes" a person who "is under the age of eighteen" to violate paragraph (a). Paragraph (a) states that a person is guilty of an offense if he "solicits or engages in [proscribed] sexual penetration . . . or . . . contact . . . in return for consideration." RSA 645:2, I(a) (Supp. 1983). The phrase "in return for consideration," which appears in paragraph (a), clearly pertains to the person engaging in the proscribed conduct. The phrase does not reappear in paragraph (b), however, and therefore does not apply to the person who causes another to engage in prostitution. If the legislature had wanted the element of consideration to apply to such a person under paragraph (b), it would have so stated. Moreover, we reject the defendant's argument that the factual allegations in the prostitution indictments required that the State prove the defendant received consideration for the juveniles' acts. *See State v. LeClair*, 126 N.H. 479, 480, 493 A.2d 498, 499 (1985) (immaterial or superfluous allegations contained in an indictment need not be proven at trial).

The defendant next contends that, in regard to the child pornography charges, the State failed to prove in its case-in-chief that the statutory exemption was inapplicable. *See* RSA 649-A:4 (Supp. 1983); *State v. Qualters*, 121 N.H. 484, 486, 431 A.2d 780, 781 (1981); *State v. King*, 124 N.H. 643, 644, 474 A.2d 575, 575–76 (1984). The State produced substantial evidence at trial that the defendant worked at U.S. Male, a hair-styling salon. This evidence, together with the reasonable inferences therefrom, adequately established that the defendant was not a library or movie theater employee, and hence was not exempt under the child pornography statute.

We now address whether the defendant had standing to challenge the admission into evidence of the photographs seized during the search of Mackay's residence. The defendant claims that the automatic standing doctrine applies in this case. In *State v. Settle*, 122 N.H. 214, 218, 447 A.2d 1284, 1286 (1982), this court stated that part I, article 19 of the State Constitution requires that automatic standing be afforded to defendants who are charged with crimes in which possession of any article or thing is an element. Because possession is not an element of the child pornography offenses brought against the defendant, the trial court did not err in finding a lack of standing.

The defendant also argues that in order for the State to prevail on the child pornography charges under RSA 649-A:3, it must prove that the defendant "intended to profit" within the meaning of

RSA 649-A:1 (Supp. 1983). He contends that only those "who seek to profit through a commercial network based upon the [sexual] exploitation of children," *id.* ¶ I, are guilty of violations under RSA chapter 649-A. Apparently, he reads the statute's declaration of findings and purposes to comprise elements of the offenses enumerated in the chapter. We cannot countenance the defendant's construction of the statute. The statute in unequivocal terms describes numerous offenses that do not require proof of intent to profit. *See, e.g.,* RSA 649-A:3, I(b) ("[a] person is guilty of an offense if he . . . [p]resents or directs a visual representation of a child engaging in sexual activity, or participates" therein). No reasonable construction would permit grafting an element of "intent to profit" into such language.

The defendant's final contention is that the trial court erred in denying his motion for a bill of particulars in regard to the felonious sexual assault indictment No. 84-S-705-F. He argues that the State's failure to allege a specific date, rather than just the month and year, was erroneous because the victim's sixteenth birthday was in that month, and if the date of the offense was on or after her birthday, the offense would no longer constitute felonious sexual assault on a person under sixteen years of age in violation of RSA 632-A:3. Nevertheless, since the indictment alleged that the victim was less than sixteen years of age, it implicitly stated that the offense occurred prior to the girl's sixteenth birthday on April 23. The failure to name a precise date, therefore, was not an error, *see State v. Spade*, 118 N.H. 186, 189, 385 A.2d 115, 116–17 (1978), and it did not lessen the State's burden of proof in this case.

Additionally, the defendant argues that the State's failure to allege a specific date prejudiced his right to establish an alibi. In *State v. Boire*, 124 N.H. 622, 624, 474 A.2d 568, 569 (1984), we stated that "the State may not be required over objection to furnish a bill of particulars . . . unless this can be shown to be necessary for the preparation of a defense or to preclude a later unconstitutional prosecution." Because the defendant on appeal establishes no factual basis for his allegation of prejudice, his claim must fail. Accordingly, we affirm.

*Affirmed.*

All concurred.