# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JUNE 1999 SESSION

FILED

October 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 03C01-9712-CC-00531 |
| Appellee, | * | BLOUNT COUNTY |
| VS. | * | Honorable D. Kelly Thomas, Jr., Judge |
| **JOHN HENRY MELSON, JR.,** | * | (Criminal Impersonation; Habitual Motor Vehicle Offender; DUI--Third Offense) |
| Appellant. | * | |

FOR THE APPELLANT:

KEVIN W. SHEPHERD
404 Ellis Avenue
Maryville, TN 37804

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

TODD R. KELLEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

MICHAEL L. FLYNN
District Attorney General

PHILIP H. MORTON
Assistant District Attorney
363 Court Street
Maryville, TN 37804

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The defendant, John Melson, was convicted by a Blount County jury of violation of the Motor Vehicle Habitual Offender's Act, a Class E felony, criminal impersonation, a Class B misdemeanor, and driving under the influence of an intoxicant, third offense, a Class A misdemeanor. The defendant appeals these convictions, contending that:

> (1) His indictments were fatally flawed;
> (2) the trial court improperly instructed the jury; and
> (3) he was entitled to a dismissal of his indictments based upon the denial of a preliminary hearing.

After careful review of the defendant's claims, we AFFIRM the judgment of the trial court.

# BACKGROUND

Tennessee Highway Patrol Officer Danny Thomas testified that on January 9, 1996, he observed the defendant's car dangerously weaving and exceeding the speed limit. Officer Thomas then stopped the defendant. Upon approaching the defendant, Officer Thomas observed a strong odor of alcohol about the defendant. The defendant submitted to and failed a field sobriety test. The defendant was then arrested. Asked for identification, the defendant stated that he did not have a driver's license and supplied the officer with a false name. The defendant was then charged with the instant offenses.

On October 14, 1997, the matter came for a jury trial in Blount County. After the jury had been sworn and as the state called its first witness, Officer Thomas, the defendant objected to all testimony relating to the events of January 9, 1996, on the grounds of irrelevance and immateriality. Specifically, the defendant pointed out that the indictments upon which the charges were brought stated the date of the offense as January 1, 1996; therefore, he argued that any testimony about events occurring January 9, 1996, was irrelevant.

The trial court took the defendant's objection into consideration and allowed both the defendant and the state time to submit relevant legal authority and argument. Unpersuaded by the defendant's argument, the trial court, without amending the indictments, proceeded with the trial and allowed testimony relating to January 9, 1996. The defendant, again noting his objection, cross-examined the state's witnesses and presented one witness, the defendant's father. At the conclusion of the trial, the jury returned verdicts of guilty on all charges and assessed fines. The trial court then sentenced the defendant to five years as a persistent offender on the charge of driving while restriction in effect, six months on the charge of criminal impersonation, and eleven months and twenty-nine days on the charge of driving under the influence of an intoxicant.

## ANALYSIS

*Fatally Flawed Indictment*

The defendant contends that his indictments were fatally flawed due to the recitation of January 1, 1996, as the date of the offense rather than the correct date of January 9, 1996. We begin our analysis with two general propositions upon which both the defendant and the state agree: first, "[u]nless a special date is essential or time is critical to the case, the time of an offense alleged in the indictment is not material," State v. Hardin, 691 S.W.2d 578, 580 (Tenn. Crim. App. 1985), and second, "the actual date of the commission of the offense may be different than that charged in the indictment so long as the proof establishes that the offense occurred prior to the finding and returning of the indictment. . . ." State v. Chance, 778 S.W.2d 457, 462 (Tenn. Crim. App. 1989). In the instant case, the issue is whether the variance is "material" when the proof established that the offense occurred prior to the finding and returning of the indictment. Materiality in this context is determined by the impact the variance had upon the defendant's "substantial rights." State v. Mayes, 854 S.W.2d 638,

640 (Tenn. 1983); see also Berger v. United States, 295 U.S. 78 (1935). Specifically, a variance does not prejudice a defendant and is thus immaterial "(1) if the indictment sufficiently informs the defendant of the charges against him so that he may prepare his defense and not be misled or surprised at trial, and (2) if the variance is not such that it will present a danger that the defendant may be prosecuted a second time for the same offense." Mayes, 854 S.W.2d at 640.

Applying this standard, we cannot find that the defendant's substantial rights were prejudiced. First, the defendant was well aware that the charges brought related to the events of January 9, 1996. The defendant was arrested but once in the relevant time period, and that was on January 9, 1996. The defendant met Officer Thomas, named in the indictment, but once, and that was on January 9, 1996. The defendant's arrest warrants recited but one date, and that was January 9, 1996. Further, the defendant's counsel presented a defense entirely unrelated to the date of the offense.[1] The defense counsel himself conceded that both he and the defendant knew the indictment was in error and that January 9, 1996, was the date intended. Second, the variance places the defendant in no danger of a second prosecution for the same offense, as the state presented proof at trial that related to the events of January 9, 1996. See State v. Goins, 705 S.W.2d 648 (Tenn. 1986). Double jeopardy would bar another prosecution for the same incident. Therefore, we conclude that this variance does not fatally flaw the indictment.

*Jury Instructions*

Defendant next contends that the trial court improperly instructed the jury regarding the indictment. The disputed instruction states: "The State is not required to show these offenses occurred on the date alleged in the indictment,

---

[1]Defendant sought to establish that, rather than intoxication, a pre-existing medical condition, namely serious foot problems, impacted his performance on the field sobriety test.

only that the offenses occurred prior to 9/30/96, the date the Grand Jury returned the indictment."

We recognize that a defendant has a constitutional right to a correct and complete charge of law, see State v. Teel, 793 S.W.2d 236, 249 (Tenn 1990), and a right to have every issue of fact raised by the evidence and material to the defense submitted to the jury on proper instructions, see Poe v. State, 212 S.W.2d 413 (Tenn. 1963). Accordingly, this court will invalidate a charge that, when read as a whole, fails to fairly submit the legal issues or misleads the jury to the applicable law. See State v. Phipps, 883 S.W.2d 138, 142 (Tenn. Crim. App. 1994).

We conclude that the disputed instruction correctly states the law. Further, we conclude that the instruction creates no risk of confusing or misleading the jury. Therefore, the trial court's instruction is proper.

*Denial of Preliminary Hearing*

Defendant next contends that he was denied his right to a preliminary hearing as mandated by Rule 5(d) of the Tennessee Rules of Criminal Procedure. Accordingly, he seeks dismissal of his convictions.

In the instant case, defendant was arrested on January 9, 1996, prior to indictment. Arrest warrants were issued January 9, 1996, from the Blount County General Sessions Court. Indictments were issued later from the Blount County Circuit Court on September 30, 1996. No preliminary hearing on the arrest warrants was held before the indictments issued. On October 26, 1996, after the indictments issued, however, the defendant filed a motion to remand the matter to the Blount County General Sessions Court. The defendant

subsequently withdrew this motion. Therefore, no preliminary hearing on the arrest warrants was ever held.

The defendant's issue regards a violation of Rule 5 of the Tennessee Rules of Criminal Procedure, which states in applicable part:

> Any defendant arrested prior to indictment or presentment . . . shall be entitled to a preliminary hearing upon [his] request therefor, whether the grand jury of the county be in session or not. If the defendant is indicted during the period of time in which his preliminary hearing is being continued, or at any time before accused has been afforded a preliminary hearing on a warrant, whether at the defendant's own request or that of the prosecutor, the defendant may dismiss the indictment upon motion to the court. Provided, however, that no such Motion to Dismiss shall be granted after the expiration of thirty days from the date of the defendant's arrest.

Tenn. R. Crim. P. 5(e). The defendant had thirty days from his arrest January 9, 1996, to file a motion to dismiss and request a preliminary hearing. The defendant identifies nothing in the record that indicates he filed such a motion in the allotted time. Further, this Court's review of the technical record revealed no such filing nor any indication of bad faith on behalf of the State which would allow for an extension. See Moore v. State, 578 S.W.2d 78 (Tenn. 1979). Accordingly, we find that the defendant failed to properly request a preliminary hearing and conclude that the issue is without merit.

## CONCLUSION

Accordingly, we AFFIRM the decision of the trial court.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

-7-

_____
JOHN H. PEAY, Judge


_____
DAVID G. HAYES, Judge