Durham District Court
No. 2004-491

THE STATE OF NEW HAMPSHIRE

v.

DEREK SEAN PIERCE

Argued: September 15, 2005
Opinion Issued: December 2, 2005

*Kelly A. Ayotte*, attorney general (*Stephen D. Fuller*, senior assistant attorney general, on the brief and orally), for the State.

*Christopher M. Johnson*, chief appellate defender, of Concord, on the brief and orally, for the defendant.

BRODERICK, C.J. The defendant, Derek Sean Pierce, appeals his conviction for harassment, RSA 644:4, I(f) (1996), in the Durham District Court (*Larson*, J.), on the grounds that the statute is unconstitutional. We reverse.

The record supports the following facts. In October 2003, Pierce was charged with the crime of harassment under RSA 644:4, I(f) which provides:

I. A person is guilty of a misdemeanor, and subject to prosecution in the jurisdiction where the communication originated or was received, if such person:

. . . .

(f) With the purpose to annoy or alarm another, having been previously notified that the recipient does not desire further communication, communicates with such person, when the communication is not for a lawful purpose or constitutionally protected.

The complaint alleged that Pierce, after being told not to call the victim, called her cell phone in the early morning hours and said, "You can go f--- yourself for screwing up my AOL. IM . . . so f--- you, you f---ing whore." Pierce moved to dismiss, and the Trial Court (*Taube*, J.) denied the motion. Pierce subsequently stood trial and was convicted. This appeal followed.

Pierce argues that RSA 644:4, III impermissibly shifts the burden of disproving an element of harassment to the defendant—namely, that the communication "not [be] for a lawful purpose or constitutionally protected"—in violation of Part I, Article 15 of the New Hampshire Constitution, as well as the Fifth and Fourteenth Amendments to the United States Constitution. He buttresses his argument by claiming that if the last clause of subparagraph (f) is not an element of harassment, the statute is unconstitutionally overbroad because it criminalizes protected speech, thus chilling First Amendment freedoms. The State responds that RSA 644:4, III creates an affirmative defense to the crime of harassment rather than shifting the burden to the defendant to disprove an element of the crime.

In reviewing a criminal statute, we construe all of its provisions "according to the fair import of their terms and to promote justice." RSA 625:3 (1996). We interpret statutes to avoid conflict with constitutional rights wherever reasonably possible. *State v. Smagula*, 117 N.H. 663, 666 (1977). All words of a statute are to be given effect, and the legislature is presumed not to use words that are superfluous or redundant. *Pennelli v. Town of Pelham*, 148 N.H. 365, 367-68 (2002).

The party challenging a statute's constitutionality bears the burden of proof. *Smith v. New Hampshire Dep't of Revenue Admin.*, 141 N.H. 681, 693 (1997). Because the constitutionality of a statute is a question of law, we review a trial court's rulings *de novo*. *State v. Bortner*, 150 N.H. 504,

510 (2004). We first address Pierce's claims under the State Constitution, citing federal opinions for guidance only. *State v. Ball*, 124 N.H. 226, 231-33 (1983).

To address Pierce's contention that RSA 644:4, I(f) requires unconstitutional burden shifting, we must determine whether the last clause in subparagraph (f)—"when the communication is not for a lawful purpose or constitutionally protected"—constitutes an element of harassment, for which the State has the burden of proof, RSA 625:10 (1996), or whether RSA 644:4, III renders it an affirmative defense, which a defendant must establish by a preponderance of the evidence, RSA 626:7 (1996); *see also Patterson v. New York*, 432 U.S. 197, 205-11 (1977); *State v. Soucy*, 139 N.H. 349, 352-53 (1995). Paragraph III provides:

> In any complaint or information brought for the enforcement of RSA 644:4, I(f), it shall not be necessary for the state to negate any exception, excuse, proviso, or exemption contained therein and the burden of proof of any exception, excuse, proviso, or exemption shall be upon the defendant.

RSA 644:4, III (1996). The State argues that when subparagraph (f) and paragraph III are considered together, it is clear that the last clause in subparagraph (f), the so-called savings clause, is an affirmative defense rather than an element of the offense as defined by RSA 625:11, III.

The legislature has defined "[e]lement of an offense" to mean, in relevant part, "such conduct, or such attendant circumstances, or such a result of conduct as . . . [is] included in the definition of the offense" or that "[n]egatives an excuse or justification for such conduct." RSA 625:11, III(a), (c) (1996). The State argues that this is merely a general provision, and points to the rule that "where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the latter will be regarded as an exception to the general enactment where the two conflict." *State v. Bell*, 125 N.H. 425, 432 (1984).

In *Bell*, we were required to determine the applicability of certain exemptions to RSA chapter 318-B, the Controlled Drug Act. The defendant there was arrested for the sale of a controlled drug and argued that the State had failed to meet its burden of proof under RSA 625:10 and :11 when it did not present evidence that he was not authorized to make the sale in question under one of the statutory exemptions. *Bell*, 125 N.H. at 427, 431-32 (citing exemptions found in RSA 318-B:2-a, :9 (Supp. 1981)). In rejecting the defendant's argument, we observed that RSA 318-B:22, the statutory provision within the Controlled Drug Act shifting the burden of proof on the exemptions to the defendant, was central to the resolution of who bore the burden of proof. *Id.* at 432. We noted, "Unless the

legislature repeals [the burden shifting provision within the Controlled Drug Act], the clear and specific intent of that provision [would not] be displaced by the more general rule found within the Criminal Code." *Id.*

Because RSA 644:4, III was enacted after RSA 625:11, III, the State argues that the more specific statute must supplant the more general, making it clear that the legislature intended that the savings clause of subparagraph (f) be an affirmative defense and not an element of criminal harassment. As RSA 644:4, III specifically references subparagraph (f), and because there is no other "exception, excuse, proviso, or exemption contained therein," the State argues that paragraph III must necessarily refer to the savings clause. It claims that to hold otherwise would be to say that the legislature "used superfluous or redundant words" when it wrote paragraph III. *See Pennelli,* 148 N.H. at 367-68.

■ We need not determine, however, whether Pierce or the State is correct. Even if we assume that, under *Bell,* the savings clause is an affirmative defense, the statute is unconstitutional. Holding that the savings clause is an affirmative defense would leave us with a crime of harassment, the elements of which would be: (1) communicating with a person; (2) with the purpose to annoy or alarm; and (3) having been previously notified that the person does not desire further communication. As an affirmative defense, the savings clause in subparagraph (f) could not be considered in determining whether the statute is substantially overbroad. So construed, the statute would be unconstitutionally overbroad as it would be no narrower than the criminal statute we struck down in *State v. Brobst,* 151 N.H. 420, 425 (2004). There the elements of the crime consisted of: (1) a person making a telephone call, whether or not a conversation ensued; and (2) with the purpose to annoy or alarm another. *Id.* at 421 (quoting RSA 644:4, I(a) (1996)). While the "previous notification" requirement limits slightly the breadth of RSA 644:4, I(f), it is not enough to render the statute constitutional.

The State advances no arguments why the statute, interpreted as it proposed, is susceptible to a more narrow construction. Although "[a] statute will not be construed to be unconstitutional, where it is susceptible to a construction rendering it constitutional," *White v. Lee,* 124 N.H. 69, 77-78 (1983), we elect not to make the State's arguments for it.

Having held that Pierce's conviction merits reversal under the State Constitution, we do not address his claims under the Federal Constitution.

*See Ball*, 124 N.H. at 237. Nor need we address whether the statute is vague. *See Brobst*, 151 N.H. at 425.

*Reversed.*

NADEAU, DALIANIS, DUGGAN and GALWAY, JJ., concurred.