Merrimack
No. 84-364

THE STATE OF NEW HAMPSHIRE

v.

GEORGE A. LECLAIR, JR.

May 8, 1985

*Stephen E. Merrill*, attorney general (*Tina Schneider*, attorney, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

PER CURIAM. The defendant was charged with theft by unauthorized taking in violation of RSA 637:3. The complaint alleged that the defendant purposely obtained "a Panasonic Color Television, serial PJ 2650823, the property of Bradlee's Department Store, with a purpose to permanently deprive said store thereof, without authority of said Bradlee's Dept. Store to do so."

During trial, the State moved to introduce into evidence the Panasonic color television set found in the defendant's possession shortly after he left the store. The defendant objected, alleging that insufficient evidence was introduced to identify that television as the one taken from Bradlees Department Store. The Superior Court (*Pappagianis*, J.) admitted the television set into evidence, noting the defendant's exception.

The defendant was convicted and sentenced by the trial judge to twelve months in the house of correction.

Two Bradlees employees had seen the defendant leave the store with a boxed television set. Defendant had not paid for Bradlees' property before exiting. A call to the police led to a police stop of LeClair five minutes later and a mile away.

■ A complaint must include all of the elements that constitute the offense charged. *See State v. Stiles*, 123 N.H. 680, 683, 465 A.2d 908, 910 (1983) (indictment). The defendant here was charged with theft by unauthorized taking, which is defined as obtaining "unauthorized control over the property of another with a purpose to deprive him thereof." RSA 637:3, I. The complaint alleged in part that the defendant obtained "a Panasonic Color Television, serial PJ 2650823, the property of Bradlee's Department Store . . . ."

The defendant does not, and could not, contend that the serial number of the stolen television set was required to be set forth in the complaint. Rather, he argues that since the serial number was in fact included in the complaint, the State was obligated to prove the serial number of the television set before it could introduce the television set into evidence at trial.

■ This court has consistently held that immaterial or superfluous allegations contained in a complaint or indictment need not be proven at trial.

> "[A]verments in an indictment that are in excess of those required by the statute defining the offense may be treated as superfluous, and thus do not necessarily control the State's burden of proof."

*State v. Boone*, 119 N.H. 594, 596, 406 A.2d 113, 114 (1979); *see* R. McNamara, 1 New Hampshire Criminal Practice and Procedure § 311 (1980).

The evidence introduced at trial clearly identified the packaged Panasonic color television set found in the defendant's possession as the one taken from Bradlees Department Store. Stacy Moretto, a Bradlees employee, testified as follows:

Q. "[By prosecutor]. Was the television you saw in the car the same television you have, that he walked out with?"

A. "Yes."

Q. "What if any doubt do you have as to that?"

A. "None."

In light of this and other testimony, a sufficient foundation existed and the trial court properly admitted into evidence the television set found in the defendant's possession.

*Affirmed.*