Belknap
No. 93-259

THE STATE OF NEW HAMPSHIRE

v.

RAYMOND ROGERS

May 24, 1994

*Jeffrey R. Howard*, attorney general (*John P. Kacavas*, assistant attorney general, on the brief and orally), for the State.

*Kent E. Smith*, public defender, of Stratham, by brief and orally, for the defendant.

THAYER, J.   The defendant, Raymond Rogers, was found guilty of three counts of aggravated felonious sexual assault, RSA 632-A:2 (1986), after a jury trial in Superior Court (*Fauver*, J.). On appeal, he contends that the trial court erred in refusing to grant his request for a mistrial based upon the comment of a witness and in limiting cross-examination of the minor victim regarding her prior sexual activity. We affirm.

The victim testified that the defendant sexually assaulted her on three separate occasions. Because the defendant wore a knife strapped to his belt on each occasion, the victim believed his threats to kill her if she did not submit. Before trial, the defendant successfully moved to exclude evidence of several other times that the defendant accosted young girls. During the State's case-in-chief, the police officer who questioned the defendant after his arrest testified to the exculpatory stories told by the defendant about the three charged incidents. He testified that the defendant admitted to carrying a single knife for utility purposes. The following colloquy then ensued:

"Q. After you went through the three incidents with him, did he say anything to you?

A. Yes. During the conversation with him at one point he said something to the effect of, You've got all the weapons—"

At this point the defendant objected and requested a mistrial, arguing that the statement, "You've got all the weapons," related to the incidents that had been excluded from evidence, and that the statement taken out of context would appear to the jury as an admission of guilt to the three assaults charged. The judge denied the request for a mistrial and, instead, instructed the jury to disregard the statement.

On appeal, the defendant argues that the refusal to grant a mistrial constituted reversible error. The State conceded at oral argu-

ment that the statement was inadmissible, but argues that the statement did not constitute sufficient prejudice to the defendant to require a mistrial because the statement was "ambiguous at best" in the context made. We find the State's position more persuasive.

"To justify a mistrial, prejudicial testimony must be more than inadmissible, it must constitute an irreparable injustice that cannot be cured by jury instructions." *State v. Ellison*, 135 N.H. 1, 4, 599 A.2d 477, 479 (1991) (quotations omitted). Absent an abuse of the discretion afforded to the trial court because of its "optimal vantage point for measuring prejudicial effect," we will not reverse the trial court's decision to deny a mistrial. *Id.* at 4, 599 A.2d at 480. Where the objectionable testimony is ambiguous in nature, the defendant is not so prejudiced that a mistrial is required. *Id.* at 6, 599 A.2d at 480.

Here, the "weapons" statement was elicited immediately after the police officer testified to the defendant's exculpatory statements regarding each of the incidents charged and to the defendant's statement that he carried a single knife for utility purposes. No one testified that multiple weapons were involved in the sexual assaults charged. Taken in light of the preceding denials of culpability and the explanation for the presence of a single knife, the "weapons" statement is ambiguous. The trial court itself noted that the statement "could have been referring to a number of things." Further, when the defendant cross-examined the police officer, the officer again testified to the defendant's denial of culpability for any of the incidents charged. Given the ambiguous nature of the statement in light of the context in which it was given, the statement was not so prejudicial as to constitute an irreparable injustice that could not be cured by jury instruction. *Id.* at 4, 599 A.2d at 479.

The defendant next argues that the trial court violated his right of confrontation guaranteed by both the State and Federal Constitutions. He contends that by limiting his cross-examination of the victim, the trial court "prevented defense counsel from inquiring of the complainant what [the defendant] had seen her doing with other boys, and how the disclosure of those activities to her mother would upset her," and thus prevented him from demonstrating her motive to fabricate charges against him.

At an *in camera* hearing to determine the admissibility of evidence regarding alleged prior sexual activity of the victim, the defendant made an offer of proof that he had seen the victim engaging in sexual relations with other men on five separate occasions, and that on one occasion the victim threatened the defendant that if he

told her mother of her sexual activity, she would "get back at him." The trial court ruled that the defendant would be allowed to elicit testimony regarding the victim's prior sexual activity only in so far as it related to her motive to fabricate the charges against the defendant. In a chambers conference before this evidence was to be elicited, the trial court again made clear to the defendant that the inquiry would be restricted to evidence relevant to whether the defendant witnessed the prior sexual activity of the victim, and whether this gave the victim a motive to fabricate. The State and the minor victim's guardian ad litem at this time requested that the scope of the victim's cross-examination be carefully limited to protect her from any unnecessary prejudice. The trial court asked the State how it would like the relevant question worded. The following colloquy ensued:

> "The Court: Let's—let's phrase the question. How do you want it phrased? Let's write it down.
>
> Ms. Bolander [for the State]: Your Honor, what the State has come up with is the question: Has the defendant ever confronted you by saying he saw you having sex and was going to tell your mother. That goes right to the heart of the motive.
>
> Mr. Lahey [for the defendant]: Judge, I've made my argument, I've indicated what I want to do, and I'm not going to ask questions that have been drafted by the prosecutor in this case. I think I've made the record—
>
> The Court: What's the question you're going to ask?
>
> Mr. Lahey: I'm not going to ask her anything.
>
> The Court: Okay. Well, I can tell you that you have the right to call her—recall her—for purposes of asking the question which has just been related by the prosecutor. But if you're going to get into the area of asking her whether she was having sex at any given place, I think that's a great problem."

■  New Hampshire's rape shield statute provides that "[p]rior consensual sexual activity between the victim and any person other than the [defendant] shall not be admitted into evidence in any prosecution" for sexual assault. RSA 632-A:6, II (Supp. 1993); *see also* N.H. R. Ev. 412. Despite the absolute terms of this statutory prohibition, the

> "requirement of due process and the right of confrontation limit the application of the rape shield law when evidence of

the victim's prior sexual activity with people other than the defendant has a probative value in the context of [a] particular case [that] outweighs its prejudicial effect on the [victim]."

*State v. Goulet*, 129 N.H. 348, 351, 529 A.2d 879, 881 (1987) (quotation omitted). In cases where such evidence is relevant, it is admissible only where the trial court determines that its probative value outweighs its prejudicial effect on the victim, which determination we will not reverse absent an abuse of discretion. *State v. Shute*, 122 N.H. 498, 503, 446 A.2d 1162, 1165 (1982).

█ Here the trial court was well within its discretion in ruling that the defendant's proposed cross-examination of the victim be limited to only that evidence relevant to the alleged motive to fabricate charges, but that he could not inquire as to any particular sexual acts. This ruling protected the defendant's right to elicit proofs favorable to him by allowing evidence of the victim's potential motive to fabricate the charges, *see Olden v. Kentucky*, 488 U.S. 227, 231 (1988), while properly protecting the minor victim from unnecessary harassment or embarrassment as the rape shield law requires. *Cf. State v. Howard*, 121 N.H. 53, 62, 426 A.2d 457, 462 (1981) (admission of evidence of specific instances of a victim's sexual conduct should be limited to the extent possible without unduly infringing upon the defendant's constitutional rights). Moreover, the defendant was able to bring forth evidence regarding the victim's supposed motive to fabricate the charges through the police officer, who testified that the defendant said he had seen the victim engaged in sex with another man on at least one occasion and that she "threatened him not to say anything or she would get him." The defendant's attorney spent much of his closing statement reminding the jury of this supposed motivation. Given these facts, we find no abuse of discretion in the trial court's limitation of the defendant's ability to question the victim regarding prior consensual sexual activities.

The defendant's argument that the trial court limited him to only one question drafted by the prosecutor is not supported by the colloquy quoted above. After the State suggested a question for inquiry, the court asked the defendant for his proposed wording of an appropriate question. He refused to propound one, and stated before any comment by the court that he would not further question the witness. The court made no ruling that only a single question might be asked, but rather only reminded the defendant of his right to recall

508

the victim for proper inquiry, but not for the purpose of inquiring into specific sexual acts alleged to have taken place.

*Affirmed.*

All concurred.