Grafton
No. 97-429

THE STATE OF NEW HAMPSHIRE

v.

DARRELL J. FRENCH

March 7, 2001

*Philip T. McLaughlin*, attorney general (*Constance N. Stratton*, attorney, on the brief and orally), for the State.

*Chris McLaughlin*, public defender, of Keene, by brief and orally, for the defendant.

HORTON, J., retired, specially assigned under RSA 490:3. The defendant, Darrell J. French, appeals his conviction, following a jury trial in the Superior Court (*O'Neill*, J.), of theft by deception. *See* RSA 637:4 (1996). We affirm.

The jury was entitled to find the following facts. On January 21, 1990, while employed by the State of New Hampshire Liquor Commission, the defendant slipped on a wet floor and injured his left knee. The State, which is self-insured for workers' compensation claims, paid workers' compensation benefits to the defendant from November 2, 1990, through March 6, 1992. The defendant's claim was eventually settled for a lump sum of $25,000.

On January 22, 1996, the defendant was indicted for felony theft by deception. The indictment alleged in part:

> [The defendant] did purposely obtain worker[s'] compensation benefits, to wit: in excess of $1,000.00, the property of another, the State of New Hampshire, by creating or reinforcing an impression which was false and which he knew not to be true, in that he claimed to be unable to work, and when questioned by representatives of the State of New Hampshire, said that he was not working at all, when, in fact, he was able to work and was actually working at various jobs and being paid therefor.

The defendant moved for a bill of particulars, asking whether the State was alleging a common course of conduct, and, if so, what amounts were alleged to have been obtained pursuant to that course of conduct, and specifically whether the lump sum settlement was alleged to have been received pursuant to that course of conduct. The State provided a bill of particulars that stated, in part:

> As a direct result of Defendant['s] false statements, he obtained worker[s'] compensation [benefits] from the State of New Hampshire from (10-03-90), until[] (02-12-92), and that the total amount of [these benefits was] in [excess of] $10,000.00. The Defendant also obtained a lump sum settlement from the State of New Hampshire on 02-21-92 for the amount of $25,000.00.

At the conclusion of a four-day trial, the jury returned a guilty verdict.

On appeal, the defendant argues that the trial court erred in: (1) denying the defendant's motion for a directed verdict; (2) instructing the jury on a "common course of conduct" when the State failed to allege the same in either the indictment or the bill of particulars; and (3) failing to answer in the affirmative a question asked by the jury during deliberations. We first address the defendant's argument that his motion for directed verdict should have been granted. "In reviewing denials of . . . motions for directed verdicts, the evidence must be construed most favorably to the State, and the defendant must show that the evidence in its entirety was insufficient to prove he was guilty of the crime charged." *State v. Burke*, 122 N.H. 565, 569 (1982).

The defendant contends that he was entitled to a directed verdict because the State failed to prove that he obtained the entire $25,000 lump sum settlement through theft by deception. The defendant contends, and the State does not dispute, that the evidence showed that he would have been entitled to a portion of the lump sum settlement, namely, the permanent partial impairment award, regardless of whether he was working. The lump sum settlement proposal executed by the defendant and the State allocated $7,994 of the $25,000 payment to the permanent partial impairment award. The defendant therefore argues that "a rational trier of fact could not find beyond a reasonable doubt that [the defendant] was not entitled to $7,994.00 of the $25,000.00 lump sum settlement."

The value of the property taken is not an element of the crime of theft by deception. *See* RSA 637:4 (1996). In fact, "[a] person commits theft under [RSA 637:4] notwithstanding that the victim

has suffered no actual or net pecuniary loss." RSA 637:4, IV. The value of the property taken does, however, establish the grade of offense, *see* RSA 637:2, V(b) (1996), and "[t]heft constitutes a class A felony if . . . [t]he value of the property . . . exceeds $1,000." RSA 637:11 (1996). Thus, to obtain a conviction for class A felony theft by deception, the State need only prove, in addition to the elements set forth in RSA 637:4, I, that the property taken was valued at more than $1,000.

The defendant argues, however, that because the State specified the amount of $25,000 in its bill of particulars, it was required to prove beyond a reasonable doubt that he acquired the entire amount in violation of RSA 637:4. The defendant relies on *State v. Boire*, 124 N.H. 622 (1984). In *Boire* we stated: "Though subject to amendment, the terms of a bill of particulars are exact allegations that must be proved as elements of the offense charged. A bill of particulars limits proof to what it specifies, and requires proof of what it specifies." *Boire*, 124 N.H. at 624. *Boire* has therefore come to stand for the proposition "that the allegations in a bill of particulars become elements of the crime, which the State must prove beyond a reasonable doubt." *State v. Desmarais*, 140 N.H. 196, 197 (1995).

The case before us, however, illustrates that our language in *Boire* was unnecessarily broad. Taken literally, it has the absurd effect of making every factual averment in a bill of particulars, however insignificant or immaterial, an element of the crime that the State must prove beyond a reasonable doubt. Therefore, we now reexamine our law on bills of particulars.

"A bill of particulars is, in this State, a tool for clarifying an inadequate indictment or complaint . . . ." *State v. Chick*, 141 N.H. 503, 506 (1996). It is instructive, therefore, to consider how an allegation would be treated if it appeared in the indictment rather than a bill of particulars.

We have generally referred to allegations in an indictment as being either matters of form or matters of substance, in accordance with the rule that indictments "may be amended in form, but not in substance." *State v. Erickson*, 129 N.H. 515, 519 (1987). The elements of the charged offense are "automatically considered part of the substance of an indictment," *id.*, and therefore cannot be altered except as directed by the grand jury. *State v. Bell*, 125 N.H. 425, 429 (1984). In contrast are "cumulative or superfluous details . . . [that may be] properly disregarded as surplusage," *State v. Wright*, 126 N.H. 643, 649 (1985), in a permissible amendment of form. *See State v. Hutchinson*, 137 N.H. 591, 594 (1993).

Between these extremes are allegations that do not constitute elements of the offense, but have "the effect of specifying and circumscribing the scope of the allegations." *Erickson*, 129 N.H. at 519. These allegations may still form part of the indictment's substance that may not be constructively amended at trial. *Id.; cf. State v. Fennelly*, 123 N.H. 378, 388 (1983) (such allegations, even if not matters of substance, may be protected from amendment if defendant would be prejudiced thereby). "[T]he test for determining whether changing such an allegation causes an impermissible amendment of the indictment is whether the change prejudices the defendant either in his ability to understand properly the charges against him or in his ability to prepare his defense." *State v. Elliot*, 133 N.H. 759, 764 (1990) (quotation omitted).

■ These principles also apply to variances between the allegations in an indictment and the evidence presented at trial; failure of proof as to an allegation can be considered a constructive amendment of the indictment. *See Bell*, 125 N.H. at 429. Thus, while the elements of the charged offense must, of course, be proved beyond a reasonable doubt, *see* RSA 625:10 (1996), "immaterial or superfluous allegations contained in a[n] . . . indictment need not be proven at trial," *State v. LeClair*, 126 N.H. 479, 480 (1985). With respect to allegations not obviously falling within the categories of element or surplusage, we look to whether the defendant has been prejudiced to determine if there has been an improper variance between the indictment and the proof offered at trial. *See State v. Keegan*, 106 N.H. 152, 155 (1965).

We now ask whether there is any reason to treat identical allegations differently regarding the State's burden of proof, depending upon whether they are presented in an indictment or in a bill of particulars. We hold that there is not. "The purpose of a bill of particulars is to protect a defendant against a second prosecution for an inadequately described offense and to enable him to prepare an intelligent defense." *State v. Dixon*, 144 N.H. 273, 275 (1999) (quotation omitted). We conclude that inquiry into whether the defendant has been prejudiced by an amendment to, or failure to prove an allegation in, a bill of particulars adequately safeguards these functions, as it does for allegations in an indictment.

■ Accordingly, we partially overrule *Boire*. We recognize that in *Boire* itself, a variance between the date of offense alleged in the bill of particulars and the evidence as to date produced at trial might well have prejudiced the defendant, who "based his request [for a bill of particulars] on the possibility of an alibi defense." *Boire*, 124

N.H. at 623. We now clarify, however, that every allegation in a bill of particulars does not automatically become an element of the crime charged. We hold that, in addition to all actual elements of the offense charged, the State must prove beyond a reasonable doubt only those allegations in a bill of particulars which, if varied, would prejudice the defendant by surprising him at trial, impairing his ability to prepare a defense, or impairing his constitutional protection against double jeopardy. *Cf. State v. Kilgus*, 128 N.H. 577, 585 (1986) (stating test for impermissible variance between indictment and proof).

We now apply these standards to the case before us. As the defendant contends that no rational jury could have found that he was not entitled to $7,994 of the $25,000 lump sum settlement, the variance between the bill of particulars and the State's proof at trial may be considered a constructive amendment changing the amount alleged to have been stolen from $25,000 to $17,006. We have previously held that such an amendment did not constitute a "substantive change in the offense charged," and was therefore permissible. *State v. Weeks*, 137 N.H. 687, 691 (1993). In *Weeks*, we affirmed the trial court's allowance of several amendments to indictments charging the defendant with theft by unauthorized taking where the amendments were made in part "to correct the sum total of funds alleged to have been stolen." *Id.* at 689. We held:

> The amendments at issue here did not change the offense charged because the statute provides that theft constitutes a class A felony if the value of the stolen property or services exceeds $1,000. The value of the property alleged to have been stolen in both the original and amended indictments exceeds $1,000, and there was no change in proof required for the other elements of the offense. . . . We hold that the amendments did not effect a substantive change in the offense charged, and were therefore properly allowed.

*Id.* at 691 (citations omitted). We similarly hold that the constructive amendment of the bill of particulars here did not alter the substance of the charge against the defendant.

We also hold that the variance did not prejudice the defendant's ability to prepare a defense or subject him to prejudicial surprise at trial. To the extent the defendant sought to prepare his defense on the premise that the State had to prove theft of the entire $25,000, his "only surprise . . . was the trial court's application of the proper law" that the State need only prove theft of property exceeding

$1,000 in value. *Bell*, 125 N.H. at 430. "Accordingly, if any prejudice arose from these facts it was not undue prejudice." *Id.*

■ Finally, we conclude that the variance here does not prejudice the defendant's ability to later assert his constitutional protection against double jeopardy. The bill of particulars clearly shows that the defendant has been in jeopardy for theft of $25,000 on the date specified in the bill. Thus, the defendant cannot again be placed in jeopardy for theft of the difference between the $17,006 proved at trial and the $25,000 alleged. *See generally id.* at 431. Thus, we hold that the defendant was not prejudiced by the variance between the bill of particulars and the State's proof.

■ On appeal, the defendant contends that a reasonable jury could not have found him guilty of stealing $7,994 of the lump sum settlement. He does not challenge the jury's ability to reasonably find him guilty of stealing the remainder of the settlement, namely, $17,006. As that amount clearly exceeds the $1,000 the State was required to prove for a class A felony conviction, the defendant has failed to "show that the evidence in its entirety was insufficient to prove he was guilty of the crime charged." *Burke*, 122 N.H. at 569. Accordingly, we affirm the trial court's denial of the defendant's motion for a directed verdict.

The defendant next challenges the trial court's instruction to the jury that it could aggregate the dollar amounts of individual thefts to determine the grade of the offense if the thefts were committed as part of "one scheme or course of conduct," RSA 637:2, V(a) (1996). The defendant contends that this instruction impermissibly amended the indictment because course of conduct is an element of class A felony theft by deception, *cf. Weeks*, 137 N.H. at 693, that was not contained in the charge against him. The defendant concludes that the instruction "impermissibly expanded the offense charged in the indictment as modified by the bill of particulars." The defendant does not contest the State's ability to modify the indictment by filing a bill of particulars. Therefore, we look to the indictment as modified by the bill of particulars in determining whether a course of conduct was alleged.

Neither the indictment nor the bill of particulars used the phrase "course of conduct." However, "an element need not be stated in precise statutory language, if the [indictment] as a whole may fairly be understood to charge it." *State v. Allard*, 128 N.H. 437, 438 (1986).

> The test to determine the sufficiency of the indictment is whether it provided the defendant with enough information

to adequately prepare his defense. The question is not whether the indictment could have been more certain and comprehensive, but whether it contains the elements of the offense and enough facts to warn the defendant of the specific charges against him.

*State v. Barton*, 142 N.H. 391, 394 (1997) (citation omitted).

▮ The bill of particulars specified that the State would prove that the defendant "obtained worker[s'] compensation [benefits] from the State of New Hampshire from (10-03-90), until[] (02-12-92), and that the *total* amount of [these benefits was] in [excess of] $10,000.00. The Defendant *also* obtained a lump sum settlement from the State of New Hampshire on 02-21-92 for the amount of $25,000.00." (Emphasis added.) By alleging (1) that the defendant unlawfully obtained benefits over a four-month period, (2) that the stolen benefits totaled a certain amount, and (3) that theft of an additional sum of money occurred on a date certain, the State sufficiently informed the defendant that it intended to aggregate a number of individual thefts.

The bill of particulars also sufficiently alleged that the thefts were "actuated by a single, continuing, criminal impulse or intent or [were] pursuant to the execution of a general larcenous scheme," *State v. Sampson*, 120 N.H. 251, 256 (1980) (quotation omitted). The bill alleged that the thefts were a "direct result" of the defendant's "false statements to representatives of the State of New Hampshire in which he said he was unable to work, and not working at all, when in fact, he was able to work and was actually working at various jobs and being paid therefor." We therefore hold that the bill adequately informed the defendant that he was being charged with a course of conduct. Accordingly, we reject the defendant's argument that the trial court erred by instructing the jury on an uncharged element.

Finally, the defendant argues that the trial court erroneously answered a question asked by the jury during deliberations. The jury asked: "If by judging guilty are we saying Mr. French was not injured and was not entitled to any money?" The court gave the following response: 'You are to render a verdict based on the facts as you find them to be and the law as I have provided to you in my instructions."

▮ The defendant argues that because the State was required to prove theft of the entire amount specified in the bill of particulars, and because the uncontradicted evidence showed that the defendant's injuries would have entitled him to a portion of that amount

regardless of whether he was working, the question should have been answered in the affirmative. We have held, however, that the State was not required to prove theft of the entire $25,000, and therefore the defendant's entitlement to a portion of the lump sum settlement is not inconsistent with a verdict of guilty of the offense charged. Thus, an affirmative answer would have been wrong. Accordingly, we reject the defendant's argument.

*Affirmed.*

JOHNSON, J., sat for oral argument but retired prior to the final vote; THAYER, J., sat for oral argument but resigned prior to the final vote; BROCK, C.J., and BRODERICK, J., concurred.