**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0071, <u>State of New Hampshire v. Michael Moraros</u>, the court on November 14, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Michael Moraros, appeals his convictions, following a jury trial, on three counts of second-degree assault, <u>see</u> RSA 631:2 (2016), and five counts of simple assault, <u>see</u> RSA 631:2-a (2016). He argues that the Superior Court (<u>O'Neill</u>, J.) erred in denying his request for a mistrial. He also argues that the evidence was insufficient to support the convictions.

The defendant first argues that the trial court erred in denying his request for a mistrial because, he argues, the victim testified regarding the defendant's alleged prior "bad acts," contrary to the court's ruling on his motion <u>in</u> <u>limine</u>. A mistrial is the proper remedy "only if the evidence or comment complained of was not merely improper, but also so prejudicial that it constituted an irreparable injustice that cannot be cured by jury instructions." <u>State v. Kuchman</u>, 168 N.H. 779, 787 (2016) (quotation omitted). "[T]he trial court is in the best position to gauge the prejudicial nature of the conduct at issue and has broad discretion to decide whether a mistrial is appropriate." <u>Id</u>. (quotation omitted). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>.

"[I]ncurable prejudice may result when the testimony of a witness conveys to a jury the fact of a defendant's prior criminal offense." <u>State v. Willey</u>, 163 N.H. 532, 538 (2012) (quotations omitted). Thus, the proper inquiry is whether "the fact that the alleged prior acts were criminal in nature was unambiguously revealed to the jury." <u>State v. Carbo</u>, 151 N.H. 550, 554 (2004). When the objectionable testimony is ambiguous in nature, the defendant is not so prejudiced that a mistrial is required. <u>State v. Rogers</u>, 138 N.H. 503, 505 (1994).

The defendant was charged with assaulting the victim, his wife, on December 13, 2014, and December 17, 2014. Prior to trial, the defendant moved <u>in</u> <u>limine</u> to preclude testimony regarding the defendant's alleged assaults against her in 2008. The trial court ordered that the victim "may not . . . testify as to the substance of the events that purportedly occurred in

2008." When asked to describe the argument that immediately preceded the December 13, 2014 assaults, the wife testified that the defendant told her that she was "a bad person[,] . . . a rat . . .[,]" and that she "just run[s] to the cops but they don't actually care and they're not there to help [her]." The trial court denied defense counsel's request for a mistrial and gave a curative instruction immediately following its ruling, directing the jury to disregard the wife's statement. The jury is presumed to have followed the trial court's curative instruction. Willey, 163 N.H. at 539.

Given the ambiguous nature of the wife's testimony, we conclude that it was not so prejudicial as to constitute an irreparable injustice that could not be cured by the court's curative instruction. See Kuchman, 168 N.H. at 787. The wife's testimony did not unambiguously convey to the jury any prior criminal conduct by the defendant. There was no reference to the defendant or to any particular criminal act. Moreover, the testimony suggests that the police may not have found her prior complaints worth investigating. Accordingly, we cannot conclude that the trial court unsustainably exercised its discretion in denying the defendant's request for a mistrial. See id.

The defendant next argues that the evidence was insufficient to support the convictions because he provided evidence to show that he could not have been home when the assaults occurred, including his testimony that he spent both nights at a friend's apartment, the friend's corroborating testimony, and records from the telephone company showing that the wife and the defendant were exchanging text messages when she testified the assaults were occurring. We assume, without deciding, that the issue is preserved for review. But see State v. Spinale, 156 N.H. 456, 463-65 (2007) (distinguishing between challenges to the weight of the evidence and challenges to the sufficiency of the evidence).

"When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State." State v. Francis, 167 N.H. 598, 604 (2015). "It is the defendant who bears the burden of demonstrating that the evidence was insufficient to prove guilt." State v. Thelusma, 167 N.H. 481, 487 (2015) (quotation omitted). "In reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation." Id. (quotation omitted).

The evaluation of witness credibility, resolving conflicts in the testimony, and determining the weight to be given to the evidence were issues for the jury to resolve. State v. Alwardt, 164 N.H. 52, 57 (2012). In determining witness credibility, the jury may accept some parts and reject other parts of testimony, and adopt one or the other of inconsistent statements by witnesses. State v.

2

Thomas, 154 N.H. 189, 193 (2006).  When "the proof involves both direct and circumstantial evidence, a sufficiency challenge must fail if the evidence, including the jury's credibility determinations, is such that a rational trier of fact could find guilt beyond a reasonable doubt, even if the evidence would support a rational conclusion other than guilt if the jury had resolved credibility issues differently."  State v. Saunders, 164 N.H. 342, 351 (2012).  "When there is conflicting factual testimony, we defer to the findings of the jury unless no reasonable person could have come to the same conclusion."  State v. Oakes, 161 N.H. 270, 276 (2010) (quotation omitted).

In this case, the wife's testimony that the defendant assaulted her was sufficient to prove the elements of the offenses beyond a reasonable doubt.  Her testimony was supported by photographs of her injuries, the screwdriver that she testified was used during one of the assaults, which the police observed on the floor, and the tool belt that contained the screwdriver, which the police observed hanging from a chair.  It was within the province of the jury to accept the wife's testimony and to reject the testimony of the defendant and his witnesses.  See Thomas, 154 N.H. at 193.  Furthermore, the appealing party has the burden to provide this court with a sufficient record to decide his issues on appeal, State v. Winward, 161 N.H. 533, 542 (2011), and the defendant has not provided the telephone company records.  Nothing in the appellate record suggests that the telephone company records provided the content of the text messages or identified the defendant's location on the night of the assaults.  Based upon this record, we cannot conclude that no reasonable person could have credited the wife's testimony.  See Oakes, 161 N.H. at 276.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3