**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0164, <u>State of New Hampshire v. Edward Furlong</u>, the court on October 17, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Edward Furlong, appeals his convictions in the Circuit Court (<u>Patten</u>, J.), following a four-day bench trial, on three charges of criminal trespass, <u>see</u> RSA 635:2 (2016), and one charge of attempted criminal mischief, <u>see</u> RSA 634:2 (2016); RSA 629:1 (2016).  He argues that the trial court erred by assigning his matters to another judge after ruling in his case, and by convicting him on a complaint that was "too vague . . . to pass legal muster" and for offenses that were alleged to have occurred at specific times without testimony that the offenses occurred at those times.  He also argues that the court erred in finding him guilty of trespass despite:  (1) his having an alleged "court ordered privilege and license to go upon the property"; (2) the police chief's testimony that he is the only person she ever arrested for criminal trespass upon the property; and (3) his assertion that he was on a public, Class VI road.  Finally, he argues that the court erred in finding him guilty of attempted criminal mischief when he never left his property.

The defendant first argues that his "rights of due process and equal protection under the constitutions of The State of New Hampshire and The United States have been violated in this matter due to one judge presiding over the trial . . . and another judge sentencing Defendant in the same criminal matters and ruling upon [his] Motion for Reconsideration."  At the outset, we note that, throughout his brief, the defendant makes passing reference to claimed violations of his rights to due process and equal protection under the State and Federal Constitutions without providing citations to relevant cases or developed legal arguments to support his claims.  Accordingly, we consider his constitutional claims insufficiently developed to warrant review.  <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003) (noting that "off-hand invocations" of constitutional rights without supporting authority or argument do not warrant review).

To the extent that the defendant argues that the trial court unsustainably exercised its discretion by assigning his matters to another judge after the trial judge ruled on his matters and then reached mandatory

retirement age, we conclude that he has failed to show prejudice. The trial court has broad discretion in managing the proceedings before it. In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007). To show that the trial court unsustainably exercised its discretion, the defendant must demonstrate that the court's management of his case was clearly untenable or unreasonable to his prejudice. Id. In his motion for reconsideration, the defendant was required to "state, with particular clarity, points of law or fact that the court has overlooked or misapprehended." See N.H. R. Crim. P. 43(a). In denying the defendant's motion, the newly-assigned judge, Judge Boyle, stated that he "reviewed the extensive files and Judge Patten's order and heard argument of counsel prior to sentencing." Judge Boyle sentenced the defendant to a $1,200 fine, suspended for two years, on each conviction for criminal trespass, and a $250 fine, suspended for two years, on the conviction for attempted criminal mischief. Based upon this record, we conclude that the defendant has failed to show that the assignment to Judge Boyle after Judge Patten's retirement prejudiced his case. See Conner, 156 N.H. at 252.

The defendant next argues that the trial court erred in finding him guilty of trespass at 9:15 a.m. on February 14, 2015, because he "had a court ordered privilege and license to go upon the property." We construe the defendant's argument as a challenge to the sufficiency of the evidence. To prevail upon his challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. State v. Collyns, 166 N.H. 514, 517 (2014). The defendant's argument refers to a February 13, 2015 order of the superior court enjoining the adjacent property owner, the Bartlett Village Water Precinct (BVWP), from denying the defendant access to a "road located adjacent to" the defendant's property. As an initial matter, we note that the order provides that, prior to the issuance of a temporary restraining order, the defendant was required to secure an injunction bond in the amount of $5,000; we also note that the defendant has not demonstrated that he obtained the bond, and that the court issued a restraining order, prior to 9:15 a.m. on February 14, 2015. We further note that, although the order enjoins certain conduct by BVWP, it does not give the defendant a "court ordered privilege and license" to "go upon the said property." Officer Mageles testified that, on February 14, 2015, he observed the defendant "operate a snowmobile across [BVWP's] ballfield." Based upon this record, we conclude that a rational trier of fact could have found the defendant guilty of trespass beyond a reasonable doubt. See id. at 517.

The defendant next argues that the trial court erred in convicting him on Docket No. 15-CR-269 because the complaint alleged that the trespass occurred between January 31, 2015 and February 1, 2015, a period which he asserts is "too vague . . . to pass legal muster." We have held that a defendant must bring a challenge to the sufficiency of the charging document prior to

2

trial.  State v. Pinault, 168 N.H. 28, 33 (2015).  Because the defendant did not raise his claim prior to filing his post-sentencing motion for reconsideration, our review is confined to plain error.  See id.  Assuming, without deciding, that an error occurred, and that it was plain, the defendant must demonstrate that the error was prejudicial.  See id. at 34.  The defendant did not raise a time-based defense, and he has made no showing that the time period stated in the complaint limited his ability to prepare for trial.  His defense was that he had a legal right to be on the property.  Accordingly, we conclude that he has failed to show prejudice.

The defendant next argues that the trial court erred in convicting him on Docket Nos. 15-CR-196, 15-CR-270, and 15-CR-271 because the complaints allege that the offenses occurred at specific times, and there was no testimony that the offenses occurred at those times.  Failure of proof as to an allegation can be considered a constructive amendment of the charging document.  State v. French, 146 N.H. 97, 101 (2001).  The defendant does not argue that time was an element of the offenses.  Thus, "we look to whether the defendant has been prejudiced to determine if there has been an improper variance between the [charging document] and the proof offered at trial."  Id.  As previously noted, the defendant did not raise a time-based defense.  Based upon this record, we conclude that the defendant has failed to demonstrate that he was prejudiced by the variation between the complaints and the trial testimony.  See id.

The defendant next argues that his rights to due process and equal protection were violated because the court found him guilty of criminal trespass when the police chief testified that the defendant is the only person she ever arrested for criminal trespass upon BVWP's property.  As previously noted, the defendant failed to sufficiently develop his constitutional claims to warrant review.  See Blackmer, 149 N.H. at 49.  Moreover, we note that the police chief testified that the other people observed trespassing on BVWP's property with the defendant were his customers, who were acting at the defendant's direction, and that she did not believe that "any judge or any justice of the peace would find any probable cause" to arrest the defendant's customers, given the difficulty of proving that they knowingly trespassed upon BVWP's property.

The defendant next argues that the trial court erred in finding him guilty of criminal trespass because the subject property was a public, Class VI road.  This argument is not supported by citations to the record or legal authorities and is, therefore, insufficiently developed to warrant review.  See Blackmer, 149 N.H. at 49.  Moreover, the record shows that the defendant's many attempts to establish that the roadway is a public, Class VI road had failed prior to trial.  Accordingly, we find no error.

3

Finally, the defendant argues that the evidence was insufficient to find him guilty of attempted criminal mischief — for attempting to damage BVWP's steel gate with a reciprocating saw — because, he asserts, he never left his property with the saw.  RSA 629:1, I (2016) provides:  "A person is guilty of an attempt to commit a crime if, with a purpose that a crime be committed, he does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step toward the commission of the crime."  Attempt is an inchoate crime that is considered a substantive offense in and of itself.  State v. Casanova, 164 N.H. 563, 565 (2013).  At trial, the defendant admitted that he "was going to cut that lock off the gate," that he walked toward the gate with the saw, and that the only reason he did not cut the lock was because a police officer arrived and unplugged the saw from its power source.  Based upon this record, we conclude that a rational trier of fact could have found that the defendant intended to cut the lock off the gate, and that he took a substantial step toward the commission of the crime.  See RSA 629:1, I; Collyns, 166 N.H. at 517.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

4