# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0400, <u>State of New Hampshire v. Michael Ciampa</u>, the court on November 9, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Michael Ciampa, appeals his conviction, following a jury trial in Superior Court (<u>St. Hilaire</u>, J.), on one felony count of second degree assault. <u>See</u> RSA 631:2, I(a) (2016). He argues that the trial court erred by admitting certain evidence as to the extent of the victim's injuries, and contends that had the trial court not so erred, the evidence would have been insufficient to support his conviction. We affirm.

In this case, a grand jury indicted the defendant for second degree assault under RSA 631:2, I(a), which provides that "[a] person is guilty of a class B felony if he or she . . . [k]nowingly or recklessly causes serious bodily injury to another." RSA 631:2, I(a). Here, the indictment alleged that the defendant "knowingly . . . caused serious bodily injury to [the victim], specifically a nasal bone fracture, . . . by punching [the victim] in the face." At trial, the victim testified regarding the injuries he sustained as a result of being punched by the defendant, and, at one point, stated that his nose had been "broken." Defense counsel objected, arguing that the victim's statement that his nose had been "broken" constituted impermissible opinion testimony by a lay witness. <u>See</u> <u>N.H. R. Ev.</u> 701. The trial court overruled the objection, reasoning that a broken nose is not a "complex disorder," that it was "within the realm of [the victim's] ability to testify that his nose was broken," and that the State had laid the foundation for such testimony. The jury subsequently convicted the defendant, and this appeal followed.

The defendant argues that the trial court erred by permitting the victim's testimony that his nose had been "broken." He contends that the victim "could properly testify about what he experienced after he was punched, including that he bled from his nose and suffered severe pain, and that he now has a bent nose and difficulty breathing[,] [b]ut he could not properly testify that he suffered a broken nose or nasal fracture," which, the defendant argues, "required medical expertise that [the victim] did not have." <u>See</u> <u>N.H. R. Ev.</u> 701 (providing that a lay witness may testify in the form of an opinion only if that opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702"). Although the State argues that the victim's testimony was permissible under

Rule 701, we need not decide this issue because we agree with the State that, even assuming that the trial court erred, such error was harmless beyond a reasonable doubt.

"[T]o establish harmless error, the State must prove beyond a reasonable doubt that the error did not affect the verdict[]." State v. Boudreau, 176 N.H. ___, ___ (decided June 7, 2023) (slip op. at 9) (quotation omitted). "This standard applies to both the erroneous admission and exclusion of evidence." Id. "We consider the alternative evidence presented at trial as well as the character of the erroneously admitted evidence itself." Id. (quotation and brackets omitted). "To determine whether the State has proven beyond a reasonable doubt that an error did not affect the verdict, we must evaluate the totality of the circumstances at trial." Id. The factors that we have considered in assessing whether an error did not affect the verdict include, but are not limited to:

> (1) the strength of the State's case; (2) whether the admitted or excluded evidence is cumulative or inconsequential in relation to the strength of the State's case; (3) the frequency of the error; (4) the presence or absence of evidence corroborating or contradicting the erroneously admitted or excluded evidence; (5) the nature of the defense; (6) the circumstances in which the evidence was introduced at trial; (7) whether the court took any curative steps; (8) whether the evidence is of an inflammatory nature; and (9) whether the other evidence of the defendant's guilt is of an overwhelming nature.

Id. at ___ (slip op. at 10) (citations omitted). "No one factor is dispositive." Id. "This court may consider factors not listed above, and not all factors may be implicated in a given case." Id.

Here, the defendant contends that the alleged error was not harmless because, without the victim's testimony that his nose had been "broken," there was no evidence to establish that the victim had suffered a nasal bone fracture, and, therefore, the evidence was insufficient to support the conviction. The crux of the defendant's argument, however, is that because the State alleged in the indictment that the victim suffered a nasal bone fracture, the State was therefore obligated to prove that fact. We disagree.

"This court has consistently held that immaterial or superfluous allegations contained in a complaint or indictment need not be proven at trial." State v. LeClair, 126 N.H. 479, 480 (1985). "Averments in an indictment that are in excess of those required by the statute defining the offense may be treated as superfluous, and thus do not necessarily control the State's burden of proof." Id. (quotation and brackets omitted). In this case, the statute setting forth the charged variant of second degree assault requires only that the State prove that the defendant "[k]nowingly . . . cause[d] serious bodily injury to another." RSA

2

631:2, I(a).  "Serious bodily injury" is statutorily defined as "any harm to the body which causes severe, permanent or protracted loss of or impairment to the health or of the function of any part of the body."  RSA 625:11, VI (2016).  Thus, although the State was obligated to prove that the victim suffered serious bodily injury, it was not obligated to specifically prove that the victim suffered a nasal bone fracture.  See LeClair, 126 N.H. at 480.[1]

Here, the jury was instructed accordingly, and, as the State contends, there was ample evidence upon which the jury could have reasonably found that the victim suffered severe, permanent, or protracted loss of or impairment to the health or function of part of his body.  See State v. Dorrance, 165 N.H. 162, 164 (2013) ("Whether the victim's injuries constituted 'serious bodily injury' is a question of fact for the jury to decide." (quotation, brackets, and emphasis omitted)).  Among other things, the evidence demonstrates that, after the defendant punched the victim in the face, the victim's nose was "deformed," that he bled profusely, that he became tired, weak, and dizzy, and that he required transport to a hospital for treatment.  Further, the evidence demonstrates that the victim suffered a black eye and swelling, that his injuries required additional follow-up medical appointments with a specialist, and that, even at the time of trial, his nose remained "crooked," he had difficulty breathing at night, and he could no longer blow his nose or use nasal spray to relieve his congestion without causing his nose to bleed — both of which he could do, without issue, prior to being punched by the defendant.  Accordingly, because the other evidence of serious bodily injury was overwhelming, and because the victim's testimony that his nose was "broken" was inconsequential — both in light of the strength of the other evidence, and because the State was not obligated to prove that fact — we conclude that any error in permitting the victim's lay opinion testimony was, based upon the totality of the circumstances, harmless beyond a reasonable doubt.  See Boudreau, 176 N.H. at ___ (slip op. at 9-10).

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

---

[1] Furthermore, even if the allegation in the indictment that the defendant broke the victim's nose, although not an element of the offense, had "the effect of specifying and circumscribing the scope of the allegations," State v. French, 146 N.H. 97, 101 (2001) (quotation omitted), the State was still not obligated to specifically prove that fact because the defendant was not prejudiced "in his ability to understand properly the charges against him[,] or in his ability to prepare his defense."  Id. (quotation omitted).

3